## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22374-CIV-MIDDLEBROOKS/WHITE

EDGAR MARTINEZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

_____/

## OMNIBUS ORDER:
## ORDER DENYING PETITIONER'S MOTION TO SUPPLEMENT OR AMEND SECTION 2255 PETITION (DE 24), DENYING PETITIONER'S REQUEST TO STAY JUDGMENT (DE 23), ADOPTING REPORT AND RECOMMENDATION (DE 16), AND DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY (DE 25)

THIS CAUSE is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (DE 1), attacking his conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, and attempting to possess with intent to distribute five kilograms or more of cocaine, entered following a jury verdict in Case No. 07-CR-2025-Middlebrooks. Martinez argues this Court erred when it refused to sever the trial so as to allow his co-defendant to provide exculpatory testimony, and that his trial counsel was ineffective for failing to aggressively object to this Court's refusal to sever the trial. (DE 1 at 4). This matter was referred to the Honorable United States Magistrate Judge Patrick A. White, who filed a Report and Recommendation ("Report") (DE 16) on May 5, 2010, recommending that Martinez's Motion to Vacate be denied in its entirety.

Objections to the Report were due to be filed by May 24, 2010. I, however, granted

Martinez's motion requesting an extension of time (DE 18), and ordered his Objections to the Report

due by June 28, 2010, thirty (30) days from the filing of the Order. (DE 19). No objections were

filed, but on August 26, 2010, Petitioner filed a motion seeking an update on the status of his Motion

to Vacate (DE 20). In his request, Martinez implied that he did in fact file Objections in June to

Judge White's Report.[1] (DE 20). To ensure that Petitioner's Objections were considered, assuming

he did attempt to properly file them as his motion suggested, on September 22, 2010, I ordered

Martinez to file his Objections on or before October 15, 2010 , and to include with his filing a copy

of any receipt verifying that he mailed his Objections as required. (DE 21). On October 4, 2010,

Petitioner filed his Objections.

Subsequently, on October 18, 2010, Petitioner filed a series of motions requesting a stay of

judgment with respect to Judge White's Report (DE 23), leave to supplement or amend his section

2255 motion to vacate (DE 24), and, in the event that the Court did not grant his motions generally,

a Certificate of Appealability (DE 25). I will consider all three motions in this Order, in addition to

Judge White's Report recommending that Petitioner's section 2255 motion to vacate be denied in

its entirety. I have reviewed the record and am advised in the premises.

Petitioner's Motion for Leave to Amend or Supplement his Motion to Vacate (DE 24) raises

an ineffective assistance of counsel claim, alleging that his trial counsel failed to properly explain

the requirements for a reduced sentence despite the fact that Martinez was safety valve eligible.

According to Martinez, it was his intention to provide the government with a safety valve statement

that would qualify him for a reduced sentence. (DE 24 at 6). Due to misinformation from his trial

counsel during a conversation at a federal detention center, however, Martinez became confused by

---

[1] Martinez wrote "On June [sic] I filed the motion to appeal magistrate judge response, I am respectfully requesting the status of my matter." (DE 20 at 1).

his attorney's advice and a statement was never given, resulting in Martinez being denied the safety valve sentence reduction. (DE 24 at 6). Petitioner argues that had he given a statement as he intended to do, his sentence would have been significantly reduced, and he suffers prejudice from the longer sentence that was imposed. (DE 24 at 4).

Petitioner's ineffective assistance of counsel claim in his Motion for Leave to Amend or Supplement his Motion to Vacate (DE 24) is time-barred under the one-year statute of limitations for federal habeas corpus petitions, *see* 28 U.S.C. § 2255, as it does not "relate back" to his prior pleadings under Federal Rule of Civil Procedure 15(c). Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). While it is true that Martinez raised an ineffective assistance of counsel claim in his timely-filed section 2255 Motion to Vacate, he never raised this particular claim until October 18, 2010—more than one-and-a-half years after judgment in his underlying criminal trial became final,[2] and more than one year after filing his original Motion to Vacate. As the Eleventh Circuit has explained, "[t]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993). A claim alleging ineffective assistance of counsel for failure to provide Martinez with a sufficient explanation of his safety valve eligibility does not relate back under Rule 15(c) to an ineffective assistance of counsel claim alleging

---

[2] March 5, 2009 is ninety days after the Eleventh Circuit Court of Appeals affirmed Martinez's conviction and sentence on direct appeal, and when Martinez's time to seek certiorari review with the Supreme Court expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1986) (explaining that a conviction is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").

deficient performance for his counsel's failure to object strenuously to the trial court's refusal to sever the trial. *See Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 336-37 (3rd Cir. 1999) (explaining that "while [petitioner] asserted in his initial motion that his attorney had been ineffective, the particular [ineffective assistance of counsel] claim with respect to failing to move to suppress evidence [in petitioner's untimely amendment] was completely new" and therefore did not relate back under Rule 15(c)).[3]  Accordingly, Petitioner's Motion for Leave to Supplement his section 2255 Motion to Vacate (DE 24) is time-barred and his Motion for a Stay of Judgment (DE 23) so that he may amend his Motion to Vacate  is denied.

I agree with the findings and conclusions in Judge White's Report that Petitioner is procedurally barred from claiming that the trial court erred in refusing to sever the trial to allow for exculpatory testimony from Martinez's co-defendant, and that Petitioner failed to show his trial counsel was constitutionally deficient under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1994).  As to the first claim, the Eleventh Circuit held on direct appeal from Martinez's criminal conviction and sentence that this Court did not abuse its discretion by refusing

---

[3] *See also U.S. v. Pittman*, 209 F.3d 314 (4th Cir. 2000). In *Pittman*, the Fourth Circuit rejected Petitioner Pittman's argument that because the allegations in the amended motion arose from the same "occurrence"—his trial and penalty phases—his untimely amended motion related back to his timely-filed section 2255 motion under Rule 15(c) . The Fourth Circuit concluded that this view of "occurrence" was "at too high of a generality" and explained:

> [t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the [Antiterrorism and Effective Death Penalty Act of 1996].

*Pittman*, 209 F.3d at 318 (cited with approval in *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000).

to sever the trial. *U.S. v. Valadez*, 315 F. App'x 208, 212 (11th Cir. 2008). It is long-settled that an

issue resolved against a petitioner on direct appeal cannot be re-litigated in a section 2255 motion.

*See e.g.*, *Hidalgo v. U.S.*, 130 F. App'x 290, 293 (11th Cir. 2005); *United States v. Nyhuis*, 211 F.3d

1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct

appeal it cannot be re-litigated in a collateral attack under section 2255.") (internal marks, citation

and footnote omitted); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981) (per curiam)

("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of

on direct appeal."). Martinez's first claim is not subject to review in this proceeding because it was

raised and decided on direct appeal.

Petitioner's second claim, alleging ineffective assistance of counsel because his attorney

failed to object strenuously enough to this Court's refusal to sever the trial, is likewise procedurally

barred. I agree with Judge White that this claim is simply Petitioner's allegation that this Court erred

when it refused to sever the trial, re-characterized as an ineffective assistance of counsel claim for

Petitioner's section 2255 Motion to Vacate. *See Nyhuis*, 211 F.3d at 1343 (concluding that

petitioner's due process claim in his section 2255 motion was merely a re-characterization of his

immunity claim raise on direct appeal, and explaining that a "rejected claim does not merit rehearing

on a different, but previously available, legal theory") (citing *Cook v. Lockhart*, 878 F.2d 220, 222

(8th Cir. 1989)). Furthermore, Martinez has failed to show that his trial counsel's assistance was

ineffective, that is, (1) his counsel's performance fell below an objective standard of reasonableness

and was therefore deficient, and (2) his trial counsel's performance prejudiced Martinez. *Strickland

v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir.

2000) (*en banc*). As Judge White explains in the Report, Martinez's trial counsel filed a Motion for

Severance (Case No. 07-CR-20252-Middlebrooks, DE 45), and when the motion was denied during

trial, he filed a Motion for Judgment of Acquittal (Case No. 07-CR-20252-Middlebrooks, DE 55)

and a Motion for New Trial (Case No. 07-CR-20252-Middlebrooks, DE 56). (DE 16 at 12). This

hardly qualifies as deficient assistance of counsel, such that "no competent counsel would have taken

the action that [the petitioner's] counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th

Cir. 2001). Moreover, Martinez has failed to show that, had his trial counsel argued more forcefully

for the trial severance, the district court would have granted the motion. It cannot be said that

Petitioner's counsel acted outside the "wide range of professionally competent assistance." *Van*

*Poyck v. Florida Dept. of Corr.* 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Strickland*, 466 U.S.

at 690). Therefore, even if Petitioner's claim was not procedurally barred, it fails on the merits. For

the reasons stated in the Report of the Magistrate Judge and upon an independent review of the file,

Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied.

Finally, Martinez filed a Motion for a Certificate of Appealability (DE 25) ("COA") in the

event that his motions generally were not granted. It appears that Martinez is seeking review of the

ineffective assistance of counsel claim in his original section 2255 Motion to Vacate, alleging that

his trial counsel did not object aggressively enough to this Court's refusal to sever the trial, and of

the denial of his Motion to Supplement or Amend his section 2255 Motion to Vacate (DE 24).

As a preliminary matter, because a final judgment denying Petitioner's section 2255 Motion

to Vacate had not yet been entered by this Court, Martinez's motion seeking a COA is premature and

should be denied without prejudice. *See* FED. R. APP. P. 4(a)(1) ("[T]he notice of appeal . . . must

be filed with the district clerk within 30 days *after* the judgment or order appealed from is entered.")

(emphasis added). It seems, however, that Martinez anticipated a denial was forthcoming,[4] and, in

---

[4] In his motion seeking a COA, Martinez explained "it seemed prudent to file the instant Motion in the event this Court did not grant those [motions still pending]." (DE 25 at 1). More pointedly, in his Motion requesting a Stay of Judgment, Martinez "concede[d] to the findings of

the interest of judicial economy—and given that final judgment is now entered as to Petitioner's

ineffective assistance of counsel claim and his Motion to Supplement or Amend his Motion to

Vacate—I will consider his Motion for Certificate of Appealability timely filed and will address it

in this Order.

A section 2255 petitioner cannot appeal the district court's denial of his petition as a matter

of right; he or she must first receive a certificate of appealability from either a district court or a court

of appeals. 28 U.S.C. § 2253(c). This Court will issue a certificate of appealability "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.

Cockrell*, 537 U.S. 322, 326 (2003).

In *Slack v. McDaniel*, the Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would find it debatable whether
> the petition states a valid claim of the denial of a constitutional right and that jurists
> of reason would find it debatable whether the district court was correct in its
> procedural ruling.

529 U.S. 473, 484 (2000). As the Court explained, "[d]etermining whether a COA should issue

where the petition was dismissed on procedural grounds has two components, one directed at the

underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at

---

[Judge White's Report]." (DE 23 at 1). Together, these statements show that Martinez
anticipated that Judge White's Report, which recommended that Martinez' Motion to Vacate be
denied, would be adopted and his section 2255 petition dismissed.

484-85. When considering an application for a COA, the district court may consider either part of the threshold inquiry, particularly when it finds it can "dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Explaining that the *Ashwander* rule should govern the district court's discretion in this matter, that is, that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288 (1936) (Brandeis, J., concurring), the Court in *Slack* opined that district courts are allowed and encouraged to first resolve procedural issues. 529 U.S. at 485.

Here, Petitioner's ineffective assistance of counsel claim and his Motion to Supplement or Amend, have both been denied on procedural grounds: the latter because it does not relate back under Federal Rule of Civil Procedure 15(c) and is therefore time-barred under the one-year statute of limitations for section 2255 petitions, *see* 28 U.S.C. § 2255; the former because it is simply a re-characterization of a claim that was addressed on direct appeal and is therefore procedurally barred from being relitigated on a collateral attack, *Hidalgo v. U.S.*, 130 F. App'x 290, 293 (11th Cir. 2005). Martinez raises no arguments in his motion seeking a COA that suggest "jurists of reason" would find these procedural rulings incorrect, or even debatable. Further, to the extent that Petitioner attempts to make a substantial showing of the denial of a constitutional right (the second threshold inquiry for issuing a COA), it is merely a conclusory sentence asserting his Sixth Amendment right to the effective assistance of counsel is deserving of encouragement to proceed further. (DE 25 at 2). This is insufficient. "Where a plain procedural bar is present . . ., a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

8

that the petitioner should be allowed to proceed further. In such a circumstance, no appeal [is] warranted." *Slack*, 529 U.S. at 484. Because the two issues Petitioner seeks review of are procedurally barred, Petitioner's Motion for a COA (DE 25) is denied.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motion Requesting a Stay of Judgment (DE 23), Motion for Leave to Supplement or Amend (DE 24), and Motion for a Certificate of Appealability (DE 25) are **DENIED**. Additionally, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge White's Report (DE 16) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Martinez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is **DENIED**. The Clerk of Court shall **CLOSE** this Case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15 day of November, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record;
Edgar Martinez, *pro se*
Reg. No. 78547-004
Federal Correctional Institution
P.O. Box 4200
Three Rivers, TX 78071